IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,    :
     Plaintiff

                        :

     vs.               : CRIMINAL NO.  1:CR-93-158

                        :

STEVEN B. WILKINSON,
     Defendant          :


*M E M O R A N D U M*


I.    *Introduction*

       Defendant, Steven B. Wilkinson, is currently serving a two-year term in a

Pennsylvania correctional institution, SCI-Cresson, for a parole violation.  He still has a

five-year term of supervised release to serve on a 210-month sentence imposed by

this court in 1993 for possession of a firearm by a felon.  He has filed a pro se motion

under 28 U.S.C. § 2255 seeking a reduction of two years and seven months in the

term of supervised release.  This represents about the amount of time Defendant

spent in federal detention while the United States unsuccessfully litigated its position

that he should be civilly committed as a sexually dangerous person.  This period

began on February 13, 2007, the day Defendant was released from confinement on

his sentence for the federal firearm-possession offense, and ended on September 8,

2009, the day Defendant was transferred to Pennsylvania to begin serving his parole-

violation term.

After review of the motion and the procedural history of this case, we have decided the following.  Defendant's motion is properly considered under section 2255, but he cannot proceed under section 2255 because he had previously filed a 2255 motion.  However, his motion can be considered under 28 U.S.C. § 2241 by way of section 2255's "safety valve" provision, but we cannot grant the requested relief as there is no valid ground for doing so.

We will therefore deny the motion.  However, we advise Defendant that he might be able to obtain relief by filing a motion under 18 U.S.C. § 3583(e)(1) to reduce his supervised-release term.  The difficulty is that such a motion is not available to him right now because he must wait until he has served one year of that term before filing the motion.  He may also file a motion under 18 U.S.C. § 3583(e)(2).  Of course, we express no opinion on whether any such motions would succeed.

II.     *Background*

In July 1993, Defendant pled guilty to an information charging him with being a felon in possession of a firearm after having prior violent felony convictions, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  In November 1993, Defendant was sentenced to 210 months' imprisonment and five years of supervised release.  He took no direct appeal but on April 24, 1997, did file a 2255 motion.  In December 1997, we denied the motion, and Defendant took no appeal.

On February 13, 2007, the day Defendant completed serving his time on his federal sentence, the United States filed a "Notice" in the United States District Court for the District of Massachusetts that on February 12 a certificate under 18 U.S.C. § 4248(a) had been completed, certifying Defendant as a sexually dangerous person. The Notice requested the hearing required by section 4248(a) on whether Defendant should be civilly committed. (Doc. 1, *United States v. Wilkinson*, No. 07-12061). A certificate stays the person's release until the hearing. § 4248(a)("A certificate . . . shall stay the release of the person pending completion of procedures contained in this section."). The district court, aware of the Fourth Amendment issue presented by the statutory stay, held a probable-cause hearing on whether Defendant should be detained pending the hearing, and held that he should. *See United States v. Wilkinson*, No. 07-12061, 2008 WL 427295 (D. Mass. Feb. 14, 2008).[1] After the hearing on the merits, the court ruled that Defendant should not be subject to civil commitment as a sexually dangerous person. *United States v. Wilkinson*, 646 F. Supp. 2d 194, 208-09 (D. Mass. 2009).

---

[1]    Section 4248 is part of the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. 109-248, Title III, § 302(4), effective July 27, 2006. There were other inmates like Wilkinson who were detained after their federal sentences were served. *Wilkinson*, *supra*, 2008 WL 427295, at *3. There is no evidence that detentions were timed with the intent to subject them to additional detention. It may have been because the act had only recently been passed, and there were a number of inmates potentially subject to civil commitment. *See id.* The Fourth Amendment issue can be avoided in the future by issuing the certificate and having the section 4248(a) hearing sufficiently in advance of the inmate's release from federal custody.

On September 8, 2009, Defendant was transferred to Pennsylvania and has now begun serving his two-year parole-revocation sentence at SCI-Cresson. (Doc. 40, 2255 motion, ninth page).  He filed his current 2255 motion in an attempt to remedy what he views as illegal confinement for the two years and seven months that elapsed while the civil-commitment issue was litigated.  In pertinent part, Defendant asserts his detention was illegal for the following reasons.  First, he did not in fact qualify for civil commitment, as the district court ruled.  Second, his detention violated the Eighth Amendment because it began shortly before he completed serving his firearm-possession sentence when the government could have sought his certification as a sex offender at any time during his fifteen-year incarceration.  Third, the detention was time served on his sentence so that he was illegally held more than five months after his maximum date of incarceration under the 210-month sentence this court imposed.[2]  Fourth, the detention was a breach of his plea agreement, which called for a maximum of 210 months' incarceration.  Fifth, the detention violated due process as he was kept beyond his maximum sentence date without the due-process hearings required to deprive him of his good-time credits.  Sixth, the detention prevented him from receiving credit for his pre-sentencing custody and for the days he had earned as good-time credits while imprisoned on the federal sentence.  Seventh, the detention violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435

---

[2] This argument leaves out the good-conduct time Defendant had earned through the years.

4

(2000), because it was not based on a finding by a jury.  Eighth, the detention violated

the Double Jeopardy Clause because it was a second punishment for the firearm-

possession offense.

Petitioner believes an appropriate remedy would be for us to reduce his

five-year supervised-release term by the time he spent in civil commitment.

Alternatively, he requests that we vacate the supervised-release term in its entirety,

noting that he would still be subject to supervision after his release from confinement

by way of the three years of parole supervision he owes Pennsylvania after he finishes

serving his parole-revocation sentence.[3]


III.     *Discussion*

Defendant seeks relief under 28 U.S.C. § 2255.  It appears that section

2255 is the way he must proceed in seeking a reduction in his term of supervised

release.  *See Gregory v. Grondolsky*, 2010 WL 318370, at *1 (3d Cir. 2010)(per

curiam) (nonprecedential)(defendant seeking credit against his sentence for time spent

in pretrial detention under conditions violative of the Eighth Amendment must proceed

by way of section 2255 and not section 2241 because he is seeking a modification of

the sentence originally imposed).  However, Defendant has already filed a 2255

---

[3]  Petitioner also mentions money damages.  Damages cannot be obtained in a
habeas petition.  If Petitioner believes he is entitled to compensation for his detention
awaiting the outcome of the civil-commitment proceeding, he must file a civil rights action
against the individuals he believes wrongfully caused his detention.  He may also file a tort
action for his claim that he was slandered by being labeled a sex offender.

motion, and we cannot entertain a second or successive such motion without the approval of the court of appeals, *see* 28 U.S.C. § 2255(h), and it appears that the grounds for the court of appeals' approval are absent here.[4]

However, under section 2255's "safety valve," *id.* § 2255(e), Defendant could pursue his claims under 28 U.S.C. § 2241 if "the remedy by way of [a section 2255] motion is inadequate or ineffective to test the legality of his detention." The Third Circuit has stated that the safety valve should be limited to "unusual" circumstances so that section 2255's gatekeeping requirements are not nullified. *See In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). Hence the inadequacy or ineffectiveness cannot arise "merely . . . because the petitioner cannot meet the gatekeeping requirements of § 2255." *Manna v. Schultz,* 591 F.3d 664, 665 (3d Cir. 2010). Instead, the inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." *Okereke v. United States*, 307 F.3d 117,

---

[4] The "gatekeeping" provision, 28 U.S.C. § 2255(h), allows a second or successive 2255 motion only when the court of appeals certifies that the motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

120 (3d Cir. 2002)(citing *Cradle v. United States,* 290 F.3d 536, 538 (3d Cir. 2002)(per curiam)).

Such a situation occurred in *Dorsainvil* where the defendant had had his first 2255 motion adjudicated before the Supreme Court issued an opinion interpreting the statutory elements of his offense to mean that the conduct that resulted in his conviction was not actually criminal.  Defendant then tried to present this claim in a second 2255 motion.  The Third Circuit ruled that he did not satisfy section 2255's gatekeeping requirements for filing a second or successive 2255 motion but did hold that section 2255 was inadequate or ineffective, based in part on the fact that the defendant could not have brought his claim in his initial 2255 motion because the change in the law had come after that motion.  *Dorsainvil*, 119 F.3d at 251-52 (defendant "is in an unusual situation because [the Supreme Court case] was not yet decided at the time of his first 2255 motion").

This same reasoning applies here.  Defendant could not have presented his claim in his 2255 motion, filed in 1997, because the event giving rise to the claim did not occur until 2009.  We recognize that in *Dorsainvil* the Third Circuit was also heavily influenced by the fact that if the defendant's claim there was correct, refusing access to section 2241 would have meant that an innocent man would remain incarcerated, *id.* at 251, but the Third Circuit also carefully noted that it was not confining the safety-valve provision only to that set of circumstances.  *Id.* at 252 ("we need go no further to consider the other situations, if any, in which the 'inadequate or

ineffective' language of § 2255 may be applicable"). Our decision will not eviscerate the gatekeeping requirements. Most attempts at using section 2241 to sidestep those requirements will fail because a defendant will be asserting a claim, either legal or factual, that could have been brought in the defendant's 2255 motion and hence section 2255 will not be found inadequate or ineffective.

We therefore ignore the label Wilkinson attached to his motion and treat it as one under section 2241. *See United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999)("'federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework'")(quoting *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990)); *United States v. Fiorelli*, 337 F.3d 282, 287-88 (3d Cir. 2003).

We note that Defendant has satisfied other requirements for bringing a 2241 petition. First, the defendant must be "in custody," *see* 28 U.S.C. § 2241(c)(1), and supervised release is custody for the purpose of section 2241. *See United States v. Baird*, 312 F. App'x 449, 450 (3d Cir. 2008) (nonprecedential) (considering a 2255 motion) (citing *United States v. Essig*, 10 F.3d 968, 970 n.1 (3d Cir. 1993)). While Defendant is currently serving his Pennsylvania parole-revocation sentence, future custody satisfies the "in custody" requirement. *Mokone v. Fenton*, 710 F.2d 998, 1002 (3d Cir. 1983). *See also Harrison v. Ollison*, 519 F.3d 952, 955 n.2 (9th Cir.

2008)(future sentence of federal parole satisfies "in custody" requirement for a prisoner currently serving a state sentence).

Second, we must have jurisdiction over his custodian, and we do. Defendant is not challenging his current confinement, but his future custody under his supervised release term. He therefore should not name his current custodian, the superintendent at SCI-Cresson. Instead, a proper respondent would be the Chief Probation Officer in the United States Probation Office for the Middle District of Pennsylvania.[5] We have personal jurisdiction over the Chief Probation Officer and now address the merits of the motion.[6]

Under section 2241(c)(3), to obtain relief Defendant must show, in pertinent part, that his future term of supervised release violates the Constitution or laws of the United States. Defendant presents eight reasons, listed above, why that is so, all of them based on the illegality of his detention pending resolution of whether he should be civilly committed as a sexually dangerous person. We need not determine

---

[5] Typically, a habeas petitioner is challenging his current confinement and thus must name as the respondent his immediate custodian, *see Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 124 S.Ct. 2711, 2717-18, 159 L.Ed.2d 513 (2004), but that rule does not apply when the petitioner is challenging something other than his present physical confinement. *Id.* at 437-38, 124 S.Ct. at 2719. In those other circumstances, a proper respondent is the person "exercising legal control . . . with respect to the challenged 'custody.'" *Id.* at 439, 124 S.Ct. at 2720. In Defendant's case, one such respondent would be the Chief Probation Officer of this district, who is in charge of the office with responsibility under 18 U.S.C. §§ 3603 and 3624(e) to supervise Defendant. *See* Rule 2(b) of Rules governing 28 U.S.C. § 2254 cases and the advisory committee notes. (Under Rule 1(b) of the section 2254 rules, the rules governing 2254 petitions can be applied to petitions under section 2241.)

[6] We could require Defendant to file a 2241 petition naming the Chief Probation Officer as the respondent, but since, as indicated, we are going to deny the motion, we have simply decided to address the merits.

whether any of them are valid. Even if we assume Defendant's detention was unlawful, we cannot grant him his requested relief, for his detention, related to whether he is a sexually dangerous person, is unrelated to his term of supervised release, which was imposed to facilitate his reentry into society after service of his imprisonment on the firearm-possession offense.

In regard to Defendant's constitutional rights in these circumstances, we look to cases dealing with a defendant's attempt to obtain credit on one sentence for time served on an unrelated sentence that was later vacated. This is approached as a due-process claim, and a defendant generally has no right under the Due Process Clause to automatic credit on one sentence for time served on an unrelated sentence. *See United States v. Johnson*, 1991 WL 148776, at *2 (E.D. Pa.). It follows that Defendant here has no constitutional right to credit on a term of supervised release if courts will not grant such a credit for a period of incarceration.

Defendant may have a due-process right to at least present to a sentencing court a request for credit for time served on a unrelated, vacated conviction, *see United States ex rel. Smith v. Rundle*, 285 F. Supp. 965, 968 (E.D. Pa. 1968), but we need not decide whether that rule should apply as well for a term of supervised release since Defendant's right to file a motion under 18 U.S.C. § 3583(e)(1), as discussed below, gives him all the protection he needs in the circumstances of this case.

Defendant does not otherwise have any legal right to credit on his term of supervised release.  In *United States v. Johnson*, 529 U.S. 53, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000), the Supreme Court held that a defendant could not reduce his term of supervised release by the time he spent serving vacated convictions.  The Court relied on the language of 18 U.S.C. § 3624(e), one of the statutory provisions governing supervised release, and in part where section 3624(e) provides that "the term of supervised release commences on the day the person is released  from imprisonment . . . ."  *Id.* at 56-57, 120 S.Ct. at 1117.  This language meant that the defendant could not be given credit (as the court of appeals had done) on the theory that the term of supervised release begins on the day he should have been released from prison.  *Id.* at 58, 120 S.Ct. at 1118.

The Court buttressed its ruling by observing the different purposes served by imprisonment and supervised release, stating:

> The objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release.  Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration. [citations omitted].

*Id.* at 59, 120 S.Ct. at 1118.

We must therefore deny the 2241 petition.  However, Defendant is not without any remedy.  In *Johnson*, the Supreme Court observed that "equitable considerations of great weight exist when an individual is incarcerated beyond the proper expiration of his prison term."  *Id.* at 60, 120 S.Ct. at 1119.  As possible sources

of relief for a person in that circumstance, the Court pointed to 18 U.S.C. § 3583(e)(2), which allows the sentencing court to modify the terms of supervised release, and 18 U.S.C. § 3583(e)(1), which allows the court to terminate the term of supervised release, after the defendant has served one year on that term.

Defendant's detention here has not been determined to be excess time spent on a sentence, and we seriously doubt that it was since Defendant was detained after he completed serving his federal sentence. However, it could be excess time spent in jail, regardless of the authority under which he was detained, and we thus see no reason why Defendant could not invoke either section 3583(e)(1) or 3583(e)(2) to shorten or modify his term of supervised release. There is some uncertainty if excess jail time can be considered under either section, and to what extent, *see Burkey v. Marberry*, 556 F.3d 142, 150 (3d Cir.), *cert. denied*, 130 S.Ct. 458, 175 L.Ed.2d 307 (2009), but we need not resolve that issue now. It may turn out that Defendant does not have to rely on that factor at all, but we again note that we express no opinion on whether Defendant's term of supervised release should be modified or shortened.

We will issue an appropriate order.


/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: February 17, 2010

12

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,     :
      Plaintiff

                            :

      vs.                  : CRIMINAL NO.  1:CR-93-158

                            :

STEVEN B. WILKINSON,
      Defendant       :


*O R D E R*


AND NOW, this 17th day of February, 2010, it is ordered that:

1.  Defendant's motion to proceed in forma pauperis is granted.

2.  Defendant's motion (doc. 40) under 28 U.S.C. § 2255, treated as a petition under 28 U.S.C. § 2241, is denied.

3.  The Clerk of Court shall close this file.


 /s/William W. Caldwell
William W. Caldwell
United States District Judge